IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES HICKS #246241, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:07-cv-142-MHT |
| | ) | |
| ALABAMA DEPT. OF CORRECTIONS,) | | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SPECIAL REPORT AND ANSWER

COME NOW Defendants Commissioner Richard Allen, ,Warden John Cummins,

and Captain Horace Burton, by and through the undersigned counsel in the above-styled

action, and file their Special Report and Answer pursuant to the February 16, 2007 of this

Honorable Court.  Defendants state as follow:

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that prison officials have taken monies from his Prisoner Money

on Deposit (PMOD) account.

## DEFENDANTS

1.    Richard Allen, Commissioner
      Alabama Department of Corrections
      P.O. Box 301501
      Montgomery, AL 36130

2.    John Cummins, Warden III
      Bullock Correctional Facility
      P.O. Box 5107
      Union Springs, AL 36089-5107

1

3.    Horace Burton, Captain
Frank Lee Youth Center
P.O. Box 220410
Deatsville, AL 36022

## DEFENSES

Defendants assert the following defenses to Plaintiff's claims:

1. Defendants deny each and every material allegation contained in Plaintiff's Complaint and demand strict proof thereof.

2. Defendants plead not guilty to the charges in Plaintiff's Complaint.

3. Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. Plaintiff is not entitled to any of the relief requested.

5. Defendants plead the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by Plaintiff.

6. Defendants are entitled to qualified immunity and aver it is clear from the face of the complaint that Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7. Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

8. The allegations contained in Plaintiff's Complaint against Defendants, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. of Escambia County, Ala.,* 880 F. 2d 305, 309 (11th Cir. 1989).

9. Defendants plead all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

10. Defendants were at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

11. Defendants plead the general defense.

12. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

13. All claims of Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

14. Defendants plead the affirmative defense that Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to Plaintiff.

15. Defendants plead the affirmative defense that Plaintiff has failed to mitigate his own damages.

16. Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

17. Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

18. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

money damages from Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

19. Defendants reserve the right to raise additional defenses.

## DISCLOSURES

In accordance with the February 16, 2007 Special Report Order, Defendants submit the following initial disclosures:

A.  Attached affidavits of:

    1.     John Cummins, Warden III

    2.     Horace Burton, Captain

B. The following persons may have personal knowledge of the facts relevant to the claims asserted by Plaintiff or the defenses asserted by Defendants:

Horace Burton, Captain

Lynn Brown, ADOC Regional Nurse Manager

Charles Hicks, Plaintiff

C. Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows:

    3.     Inmate Summary Data

## STATEMENT OF THE FACTS

Plaintiff is an inmate within the Alabama Department of Corrections.  He is currently confined at Frank Lee Youth Center in Deatsville, Alabama.  Plaintiff is serving a 10-year term for three (3) convictions of Theft of Property I. (Ex. 3)

Plaintiff alleges that monies have been removed from his PMOD account without his authorization. This allegation is false.

Plaintiff received $20.00 on January 22, 2007, which was credited to his PMOD. (Ex. 2)  His balance was $20.42. (Ex. 2)  On January 24, 2007, Plaintiff spent $4.75, which left a balance of $15.67. (Ex. 2)  On January 29, 2007, $15.00 of medical co-payments was deducted for previous medical expenses. (Ex. 2)  At this time, Plaintiff complained to Defendant Burton. (Ex. 2)  Defendant Burton explained to Plaintiff how to properly grieve his medical complaint. (Ex. 2)

It should be noted that Defendant Cummins has not been the Warden of Frank Lee Youth Center since January 2, 2007.  At the time of these incidents, Defendant Cummins was assigned to Bullock Correctional Facility in Union Springs, Alabama. (Ex. 1)

## ARGUMENT

### I.    Immunities

As is evident from Plaintiff's complaint, his claims are directed principally toward actions allegedly perpetrated by officials of the Alabama Department of Corrections (ADOC).  There are no claims directed specifically toward Defendant Commissioner Allen.

"'It is well established in [the Eleventh] Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.'" Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999).  Thus, the

Commissioner cannot be subjected to suit merely because other state officials or agents who may ultimately answer to them have allegedly violated the law.

There is a requirement for "heightened pleading" that attends section 1983 claims, especially those for which qualified immunity is raised as a defense. See Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). As the Eleventh Circuit has held, "[i]n civil rights and conspiracy actions, . . . more than mere conclusory notice pleading is required" and "a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). The courts "'generally accord . . . official conduct a presumption of legitimacy.'" Gonzalez, 325 F.3d at 1235 (quoting United States Dep't of State v. Ray, 502 U.S. 164, 179 (1991)).

Defendants are officials or agencies of the State of Alabama, Plaintiff's official-capacity claims must be considered to be against the State itself. This, in turn, affords the Defendants Eleventh Amendment immunity; the State need not actually be named as a party for such immunity to be available. See Williams v. Bennett, 689 F.2d 1370, 1376 (11th Cir. 1982), cert. denied 464 U.S. 932 (1983). Thus, Plaintiff's federal claims for damages against the Defendants in their official capacities are barred by Eleventh Amendment immunity and should be dismissed.

Plaintiff's state-law claims against the Defendants in their official capacities are similarly barred by the State's sovereign immunity, as is bestowed by Article I, Section 14 of the Alabama Constitution of 1901. In Haley v. Barbour County, the Alabama Supreme Court held that "Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State." 885 So. 2d

783, 788 (Ala. 2004) (citing <u>Lyons v. River Road Constr., Inc.</u>, 858 So. 2d 257, 261 (Ala. 2003), and <u>Mitchell v. Davis</u>, 598 So. 2d 801, 806 (Ala. 1992)). Thus, the Plaintiff's claims under state law for damages against the Defendants in their official capacities are barred by sovereign immunity and should be dismissed.

The Defendants are entitled to qualified immunity regarding the individual-capacity federal claims stated in Plaintiff's complaint. The basic test for qualified immunity was stated in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982):

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known.

457 U.S. at 818. Qualified immunity bars claims "so long as [the defendant's] actions could reasonably have been thought consistent with the rights they are alleged to have violated." <u>Anderson v. Creighton</u>, 483 U.S. 635, 638 (1987). Further, qualified immunity is not just a bar to damages; it is a bar to suit. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985). Even allegations of animus by a state actor against a plaintiff are not sufficient to overcome the presumption of qualified immunity. <u>See Hansen v. Soldenwagner</u>, 19 F.3d 573, 578 (11th Cir. 1994) (stating that "[f]or qualified immunity purposes, the subjective motivation of the defendant-official is immaterial"). Also, in <u>Gardner v. Howard</u>, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." (Citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982)).

The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function. If not for the protections immunity provides, state officials could be subject to suit for every move they make. This action would have a serious chilling effect on the ability of such officials to do their jobs. In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. Mitchell, 472 U.S. at 525-26; see also Hunter v. Bryant, 502 U.S. 224, 229 (1991); Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

In the present case, the Defendants deny that they violated "a clearly established right" of the Plaintiff. As such, it is incumbent upon Plaintiff to show that the Defendants violated "clearly established constitutional law" in their dealings with Plaintiff. See Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983) (holding that it is a plaintiff's burden to rebut a defendant's qualified immunity defense). This, however, has not been demonstrated by Plaintiff. He has alleged no constitutional injury perpetrated by any of the Defendants. Likewise, Plaintiff cannot contend that the Governor or the Commissioner vicariously harmed him because of the alleged actions of other state officials or agents. See Cottone, 326 F.3d at 1360. Because Plaintiff cannot demonstrate that any of his clearly established constitutional rights have been infringed, qualified immunity bars his attempt to impose liability on the Defendants. Therefore, Plaintiff's federal claims against the Defendants in their individual capacities should be dismissed.

Plaintiff asserts his allegations against the Defendants in both their individual and official capacities. As was stated previously, Defendants are entitled to sovereign immunity to the extent Plaintiff has sued them in their official capacities for damages

under state law.  However, just as the Defendants in their individual capacities are entitled to qualified immunity under federal law, they are protected by State-agent immunity under state law.

In Ex parte Butts, 775 So. 2d 173 (Ala. 2000), the Alabama Supreme Court adopted a test that was first set out in its plurality opinion in Ex parte Cranman, 792 So. 2d 392 (Ala. 2000), for evaluating whether a state official sued in his individual capacity is entitled to immunity as an agent of the State.  Though distinct from a qualified immunity analysis under federal law, State-agent immunity similarly shields state officials from liability while they are discharging their duties in good faith.  In this case, the Defendants' alleged actions clearly fall within the protection of State-agent immunity under Alabama law.  See Butts, 775 So. 2d at 177-78 ("A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . . exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners").

The Defendants can only be divested of State-agent immunity upon a showing that they acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law.  Butts, 775 So. 2d at 177-78; Ryan v. Hayes, 831 So. 2d 21, 28 (Ala. 2002).  Moreover, it is the Plaintiff's burden to make such a showing. Ryan, 831 So. 2d at 27-28; see also Giambrone v. Douglas, 874 So. 2d 1046, 1052 (Ala. 2003) (holding that, once it is shown that a state agent was undertaking a discretionary function, the burden shifts to the plaintiff to disprove the defendant's entitlement to immunity).

Plaintiff simply cannot carry the burden of proof in this case. As argued herein, the Plaintiff has not bothered to state with any particularity what all of the Defendants did to become defendants in this lawsuit. Consequently, it is inconceivable that Plaintiff could marshal the evidence needed to defeat State-agent immunity.

II.     Medical Co-Payments

An element of a 42 U.S.C. §1983 cause of action is that the conduct complained of deprives the plaintiff of his rights and privileges secured by the United States Constitution. Conlogue v. Shinbaum, 949 F.2d 378, 380-381 & n.5 (11th Cir. 1991). This Court in Shires v. Correctional Medical Services, et al., 01-A-848-N (January 21, 2003) wrote "[t]he actions about which Shires complains, standing alone, do not violate the Constitution. The mere fact that Shires is assess co-payments for medical examination and fees to fill a prescription does not in any way deprive him of a protected right, privilege or immunity. This Court referenced Bester v. Wilson, 2000 WL 1367984 at *8 (S.D. Ala. August 18, 2000) ("[T]he charging of a fee to prisoners for medical treatment from their funds has been held to be constitutional when challenged on several due process and Eighth Amendment grounds.") Therefore, there has been no violation of the United States Constitution when Defendants withdraw medical co-payments from Plaintiff's PMOD account.

Wherefore these premises considered, the Defendants pray that this Honorable Court will find that the Plaintiff is not entitled to any relief and this complaint should be dismissed.

10

Respectfully submitted,


/s/TARA S. KNEE_____
TARA S. KNEE
ASSISTANT ATTORNEY GENERAL
ASSISSTANT GENERAL COUNSEL



**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885



## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Charles Hicks
AIS #246241
Frank Lee Youth Center
P.O. Box 220410
Deatsville, AL 36022


/s/Tara S. Knee_____
Tara S. Knee
Assistant Attorney General
Assistant General Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

CHARLES HICKS, #246241                )
                                      )
    Plaintiff,                    )
                                      )
v.                                    )    CASE NO. 2:07-CV-142-MHT
                                      )
ALABAMA DEPT OF CORRECTIONS, et al., )
CORRECTIONS, et al.,                  )
                                      )
    Defendants                    )

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared John Cummins II, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is John Cummins II, and I am presently employed as a Correctional Warden III, with the Alabama Department of Corrections, Bullock County Correctional Facility, Post Office Box 5107, Union Springs, Alabama  36089. I am over twenty-one (21) years of age.

On January 27, 2007, I was assigned to Bullock County Correctional Facility, and therefore, have no knowledge of this incident.

                                       _____
                                       John Cummins II



Page 2

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal

on this the _____27th_____ day of February 2007.

_____
           NOTARY PUBLIC

My Commission Expires:_____.

SEAL

# AFFIDAVIT

Horace Burton Jr.

_____
(Affiant)

**2:07-CV-142-MHT**

_____
(Case #'s)

**STATE OF ALABAMA**

**County of Elmore**

 I, Horace Burton Jr., have prepared this affidavit in response to civil actions filed by Inmate Charles Hicks #246241. I am a Captain with the Alabama Department of Corrections assigned to Frank Lee Youth Center currently serving as the Acting Warden. My response is as follows:

 This is a frivolous claim. Last week, the week of February 12-16, 2007, Inmate Charles Hicks B/M 246241 entered my office and said that he was unable to fill his Canteen order because the Canteen clerk said he did not have any money. I checked into this situation and found that Inmate Hicks received $20.00 on January 22, 2007 that was applied to his Prisoner Money on Deposit (PMOD) account, which left him with a balance of $20.42. On January 24, 2007, Inmate Hicks spent $4.75 leaving him a balance of $15.67. On January 29, 2007, $15.00 of Medical Co-Pays was debited from his account for previous healthcare expenses that he had incurred when he had no money on his PMOD Account. I explained this to Inmate Hicks. He said he was a Chronic Care patient and should not be charged co-pay. I told Inmate Hicks that he needed to follow the procedures: complete a medical grievance explaining what happened and why he should not have been charged the co-pay; attach the receipts showing what visits the charges related to, and turn it in to the Pill Call Nurse. I haven't heard from Inmate Hicks until today when I received this filing in the mail. I am unaware of any cruel and unusual punishment to which Inmate Hicks has been/is being subjected.

_____
(Signature of Affiant)

FRANK LEE YOUTH CENTER
P.O. BOX 220410
_____
(Address)

DEATSVILLE, AL 36022
_____
(City, State, Zip Code)

Sworn to and subscribed before me this _21_ day of _February_, 2007.

_____
(Notary Public)

Seal

My Commission Expires _August 21, 2010_

```
                          DISPLAY INMATE SUMMARY DATA                        PRODUCTION **
 23/MAR/2007      09:48:13      CDSUM      524    L-TARA      CDSUM01      604
------------------------------------------------------------------------------------
AIS: 00246241    INMATE: HICKS, CHARLES              RACE: B   SEX:  M

INST: 012-FRANK LEE YOUTH CENTER      JAIL CR: 0319D DOB: 11/02/1961
SSN: �en█████████ PAR CONS DT: 11/2007  CURR CUST: MIN2  CURR CUST DT:06/01/2006
ALIAS: HAMPTON, GLENN EDWAR           ALIAS: HICKS, CHARLES EDWAR
ADM TP: NEW COMIT FROM CRT W/REV OF P  STATUS: NEW COMIT FROM CRT W/REV OF PR
INIT SENT DT:04/13/2006 ADM DT: 04/13/2006 DEAD TIME: 00Y 00M 00D
                              N                                         TY
                                                         TERM          PE
COUNTY       SENT DT    CASE  L CRIME                   10Y00M00D  CS
JEFFERSON   04/13/2006 001085 Y THEFT OF PROPERTY I     10Y00M00D  CC
JEFFERSON   04/13/2006 001086 Y THEFT OF PROPERTY I     10Y00M00D  CC
JEFFERSON   04/13/2006 001087 Y THEFT OF PROPERTY I


                    NO MORE RCDS THIS TYPE AVAIL
INMATE HAS 000DISCIPLINARIES RESULTING IN LOSS OF 000Y00M00D OF GOOD TIME.
INMATE HAS 006TRANSFER RECORDS ON FILE.
INMATE HAS 03 DETAINER/WARRANT RECORDS ON FILE.
 TOTAL   TERM   REV GOOD TIME   MIN REL DT   TOT GOOD TIME   SHORT DATE   LONG DATE
010Y 00M 00D   000Y 00M 00D   11/20/2008   002Y 04M 10D   11/20/2008   05/23/2015
```



DEFENDANT'S
EXHIBIT
3