IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES HICKS  (AIS# 246241),

      Plaintiff,

v.

ALABAMA DEPARTMENT OF
CORRECTIONS, et al.

      Defendants.

\*
\*
\*
\*
\*
\*

CIVIL ACTION NO.
2:07-CV-142-MHT

## SPECIAL REPORT OF DEFENDANTS
## PRISON HEALTH SERVICES, INC. AND DR. CORBIER

COME NOW Defendants, Prison Health Services (identified in the plaintiff's Complaint as Prison Medical Services) (hereinafter "PHS") and Paul Corbier, M.D., in response to this Honorable Court's order and presents the following Special Report with regard to this matter:

## I.  INTRODUCTION

The plaintiff/prisoner in this case, Charles Hicks (AIS# 246241), has been incarcerated since April 2006 at various facilities in the State of Alabama. Regarding this particular complaint, Hicks alleges his place of present confinement is the Frank Lee Youth Center, Deatsville, Alabama.

On or about February 16, 2007, Charles Hicks filed his third lawsuit against Prison Health Services and other defendants arising out of either (1) failure to provide medical treatment or (2) issues regarding money being taken from his account. In the present lawsuit (hereinafter "Charles Hicks #3"), Hicks' sole and exclusive claim is as follows:

> The grounds is for money being taken off my account without me knowing about it. This is the third time that money was taken out of my account. All three times I told Captain Burton about my problem. The Prison Health Services took money from my account. They do not suppose to take money off of my account. Captain Breston will not do anything about it.Hicks contended he was provided inadequate medical treatment concerning complications from diabetes, specifically in his left leg.

[Plaintiff's Complaint, ¶ V]

Defendant PHS is the company currently contracting with the Department of Corrections to provide healthcare services to inmates within the State. Hicks seeks an unknown amount in damages.

In his third Complaint, Hicks asserts no cause of action against Prison Health Services arising out of the procurement or failure to provide medical services associated with his incarceration. Instead, Hicks makes vague, unsupportable allegations regarding money being taken from his account by individuals at Prison Health Services.

Defendant PHS has undertaken a review of Hicks' claims and determined that no employee of PHS removed money from Hicks' account nor did employees or administrators of PHS allow money to be improperly taken from Mr. Hicks. Thus, not only does Hicks' Complaint violate the principles of *res judicata*, Hicks' Complaint fails to state a claim rising to the level of deliberate indifference or even general negligence concerning medical services, his financial account or other claims he could have asserted against PHS.

## II. NARRATIVE SUMMARY OF FACTS

Hicks claims to have been incarcerated with the Alabama Department of Corrections since April 2006. In his latest litigation, Hicks asserts that money has been taken out of his account improperly and that Prison Health Services' employees took the money from this account when they were not allowed to. [Plaintiff's Complaint, ¶ V].

2

On this particular occasion, Charles Hicks filed an inmate grievance form on March 8, 2007, stating that $15 had been wrongly taken from his account for healthcare visits. [Exhibit "A" – Affidavit Michelle Sagers, Health Services Administrator].    Hicks filed this grievance form after filing this particular lawsuit on February 16, 2007.    [Plaintiff's Complaint, p. 1].    Prison Health Service employees reviewed the grievance form on March 12, 2007, and $6 was refunded back to his account.    The complete $15 was not refunded to his account because not all of his medical visits were related to his chronic care problems.    [Exhibit "A" – Affidavit Michelle Sagers].

As for his complaint regarding medical care contained on Page 3 of his Complaint, this Defendant would call to the Court's attention the narrative summary of facts on Hicks' initial lawsuit, a copy of which is attached hereto as Exhibit "B".

### III. DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1.    The Plaintiff/prisoner failed to comply with the mandatory requirements of the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e), et seq. ("PLRA") and the PLRA directly applies to require that this matter be dismissed with prejudice for failing to comply with the terms and conditions of grievance procedures concerning medical issues.

2.    The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

3.    The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

4.    The Plaintiff's Complaint, as amended, fails to state a claim against the Defendants for which relief can be granted.

5.    The Defendants affirmatively deny any and all alleged claims by the Plaintiff.

3

6.    The Plaintiff is not entitled to any relief requested in the Complaint, as amended.

7.    The Defendants plead the defense of qualified immunity and avers that the actions taken by the Defendants were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

8.    The Defendants are entitled to qualified immunity and it is clear from the face of the Complaint, as amended, that the Plaintiff has not alleged specific facts indicating that the Defendants have violated any clearly established constitutional right.

9.    The Defendants cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

10.    The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

11.    The allegations contained in the Plaintiff's Complaint, as amended, against the Defendants sued in their individual capacities, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

12.    The Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

13.    The Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

14.    The Defendants plead the general issue.

15.    This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendants would amount to

4

mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

16.    The Plaintiff's claims against the Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

17.    Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

18.    The Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

19.    The Defendants plead the affirmative defense that the Plaintiff's Complaint, as amended, fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

20.    The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

21.    The Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

22.    The Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

23.    The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

24.    The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against it and that any such award would violate the United States Constitution.

25.    The Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

26.    The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

27.    Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

28.    The Defendants assert that the Plaintiff's Complaint, as amended, is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award Defendants reasonable attorney's fees and costs incurred in the defense of this case.

29.    The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

## IV.  ARGUMENT

**A.    Because Inmate Hicks Failed to Follow the Required Grievance Procedures for Assessing Medical Complaints Prior to Filing His Lawsuit, the Prison Litigation Reform Act of 1995 Requires the Immediate Dismissal, with Prejudice, of His Complaint..**

As this Court is well aware, Congress passed the Prison Litigation Reform Act of 1995 in an effort to control frivolous prisoner litigation.  Charles Hicks' third lawsuit (out of four) against Prison Health Services is the classic example of the type litigation Congress sought to control by putting in place multiple mandatory provisions that must occur prior to litigation ensuing.  Because Hicks failed to comply with these mandatory provisions, this Court must dismiss, with prejudice, the complaints asserted by Mr. Hicks in his third lawsuit against Prison Health Services.

Clearly, Hicks meets the definition of prisoner as outlined in 42 U.S.C. § 1997e(h), as Mr. Hicks is "incarcerated or detained [a] facility [and] who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . . ."  Id..  Because Hicks admits to being incarcerated, he meets the definition of "prisoner" under the PLRA.

The primary goal of the PLRA is to require prisoners to exhaust all internal, administrative remedies prior to filing suit.  Clearly, Hicks is aware of these proceedings because he took advantage of them after this lawsuit was filed.  In addition, Hicks' other lawsuits had been successfully defended by PHS primarily because Hicks failed to take appropriate action in exhausting all available administrative remedies prior to initiating litigation.

Administrative remedies under the PLRA consist of prison or jail grievance procedures similar to that used by Mr. Hicks after this lawsuit was filed.  In this case, PHS employees reviewed his grievance procedure and refunded certain monies to him because some of his medical visits were unrelated to his chronic care problems.  [Exhibit "A" – Affidavit Michelle

Sagers]. Thus, the administrative procedures that are in place would have resolved this issue in a cost effective manner had Mr. Hicks simply followed these procedures prior to initiating litigation. Instead, costs and expenses have been incurred by PHS that were unnecessary.

**B.    The Plaintiff has failed to prove that the Defendants acted with deliberative indifference to any serious medical need.**

Although vaguely contained in his third Complaint, Hicks may be attempting to allege that Prison Health Services acted with deliberate indifference to a serious medical need of his. This claim has already been addressed in not one, but two, separate lawsuits previously filed by Charles Hicks. [Exhibits "B" and "C" – Hicks suit #1 and suit #2, respectively]. For these reasons standing alone, Hicks' current lawsuit is due to be dismissed with prejudice because *res judicata* prevents his asserting an identical claim against identical defendants in subsequent litigation.

If, however, this Court is inclined to view Hicks' third lawsuit against PHS in a different light, the Complaint is still due to be dismissed with prejudice. As this Court is well aware, it may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala., 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," Shows v. Morgan, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999).

In order to state a cognizable claim under the Eighth Amendment, Hicks must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Palermo v. Corr. Med. Servs., 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001). In

8

order to prevail, Hicks must allege and prove that he suffered from a serious medical need, that the Defendants were deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, 268 F.3d 1014, 1058 (11th Cir. 2001) and Palermo, 148 F. Supp. 2d at 1342. "Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment." Id. (citations omitted).

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. See Estelle, 429 U.S. at 106, McElligott, 182 F.3d at 1254, Hill, 40 F.3d 1176, 1186 (11th Cir. 1994), Palermo, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 106-108.

The Defendants may only be liable if they had knowledge of Hicks' medical condition, Hill, 40 F. 3d at 1191, and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, 429 U.S. at 104-105. Obviously, Hicks cannot carry his burden. The evidence previously submitted with other Special Reports clearly shows that the Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. The evidence demonstrates, to the contrary, that appropriate standards of care were followed at all times. (Id.) These facts clearly disprove any claim that the Defendants acted intentionally or recklessly to deny treatment or care.

The Defendants are, further, entitled to qualified immunity from all claims asserted by Hicks in this action. There is no argument that the Defendants were not acting within the scope of their discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because the Defendants have demonstrated that they were acting within the scope of their discretionary authority, the burden shifts to Hicks to show that the Defendants violated clearly established law based upon objective standards. Eubanks, 40 F. 3d at 1160. The Eleventh Circuit requires that before the Defendants' actions can be said to have violated clearly established constitutional rights, Hicks must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)). The question that must be asked is whether the state of the law in 2006 gave the Defendants fair warning that their alleged treatment of Hicks was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Hicks must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendants to the fact that their practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law

must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Hicks' constitutional rights. The Defendants have provided Hicks with appropriate medical care at all times and he has received appropriate nursing care as indicated for treatment of his condition.

## V. CONCLUSION

Charles Hicks has filed two complaints arising out of the same set of facts against the same Defendant. Defendant PHS has previously filed a Special Report and for purposes of this case, has filed a virtually identical Special Report dealing with Mr. Hicks' second lawsuit since the claims are identical. On all accounts, Mr. Hicks has received appropriate medical treatment for his diabetic condition and has received immediate medical treatment when those claims have been brought to the attention of PHS employees. Without question, Hicks' complaints do not rise to the high standard of deliberate indifference to a serious medical need.

Hicks also failed to follow internal grievance procedures, thereby violating the Prison Litigation Reform Act that requires prisoners to adhere to internal procedures prior to initiating litigation. Recent United States Supreme Court cases require dismissal of prisoner cases when this occurs.

Finally, the principles of res judicata prevent Mr. Hicks from filing an identical lawsuit arising out of what appear to be the same facts and transactions against the same Defendants in a separate court. Mr. Hicks' claim is currently pending in federal court in a case styled <u>Charles Hicks v. Alabama Department of Corrections</u>; 2:06cv-990-MWF, United States District Court – Middle District of Alabama, and, for the reasons set out above, the Plaintiff has not established a right to pursue litigation against the Defendants and has failed to establish a deliberate indifference to a serious medical need. At best, he has filed the identical lawsuit in two separate courts, warranting the immediately dismissal of this particular case.

Respectfully submitted,

/s/ PAUL M. JAMES, JR.
Alabama State Bar Number JAM017
Attorney for Defendant
Prison Health Services, Inc.

RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
Telephone: (334) 206-3148
Fax: (334) 262-6277
E-mail: pmj@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail

this the 11th day of April, 2007, to:

Charles Hicks (AIS# 246241)
P. O. Box 220410
Deatsville, AL  36022

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

Greg Biggs, Esq.
Assistant Attorney General
Alabama Department of Corrections
Legal Division
P. O. Box 301501
Montgomery, AL  36130

/s/  PAUL M. JAMES, JR. (JAM017)
Attorney for Defendant
Prison Health Services, Inc.

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES HICKS, (AIS #246241), | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | | 2:07-CV-142-MHT |
| | * | |
| ALABAMA DEPARTMENT OF | * | |
| CORRECTIONS, et al. | * | |
| Defendants. | * | |

## AFFIDAVIT OF MICHELLE SAGERS, HEALTH SERVICES ADMINISTRATOR

**BEFORE ME,** Annie Latimore , a notary public in and for said County and State, personally appeared **MICHELLE SAGERS, HEALTH SERVICES ADMINISTRATOR,** and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is Michelle Sagers. I am over the age of twenty-one and am personally familiar with all of the facts set forth in this Affidavit. I have an Associates Degree in Nursing from Montgomery College in Takoma Park, Maryland and a Bachelor's Degree in Health Information Management from Alabama State University in Montgomery. Since 1998, I have practiced as a registered nurse in a variety of positions and settings. I have been employed as the Health Services Administrator since July 17, 2006 for Staton Correctional Facility by Prison Health Services, Inc., the company which currently

contracts with the Alabama Department of Corrections to provide medical services to inmates.

It is my understanding that Charles Hicks has filed suit in this matter alleging that PHS took money from his account regarding his healthcare visits. Mr. Hicks claims that he is a "Chronic Care" patient and should not be charged for these visits.

Mr. Hicks filed an Inmate Grievance on March 8, 2007 stating that $15.00 had been wrongly taken from his account for healthcare visits. I reviewed his grievance on March 12, 2007 and $6.00 was refunded back to his account. The complete $15.00 was not refunded to his account, because not all of his medical visits were related to his chronic care problems.

Further affiant sayeth not.

MICHELLE SAGERS
HEALTH SERVICES ADMINISTRATOR


STATE OF ALABAMA          )
                          )
COUNTY OF _Elmore_        )


Sworn to and subscribed before me on this the _10_ day of _April_, 2007.

Notary Public


My Commission Expires:
_12/06/2008_

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

_CHarLes  Hicks # 246241_ )

Full name and prison number
of plaintiff(s)

RECEIVED

2006 NOV -1 A 11: 05

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT

v.

_ALABAMA DePartment of COR_ )
_Et, Al  And  PRison Medical_ )
_Services 416 Mary Lindsay_ )
_Park Dr., Suite 515, Franklin_ )
_Tn, 37067_ )

Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

CIVIL ACTION NO. _2:06CV990-M_
(To be supplied by Clerk of
U.S. District Court)

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES ( )  NO ( ✓ )

    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES ( )  NO ( ✓ )

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below.  (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) _____N/A_____

            Defendant(s) _____N/A_____

        2.  Court (if federal court, name the district; if
            state court, name the county) _____N/A_____

3.   Docket number _____ N/A _____

4.   Name of judge to whom case was assigned _____

_____ N/A _____

5.   Disposition (for example:  Was the case dismissed?
     Was it appealed?  Is it still pending?) _____

_____ N/A _____

6.   Approximate date of filing lawsuit ___ N/A _____

7.   Approximate date of disposition ___ N/A _____

II.  PLACE OF PRESENT CONFINEMENT  FRANK. LEE YOUTH CENTER
P.O.B. 220410, Deatsville, AL 36022 _____

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED  FRANK LEE YOUTH
Center _____

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR
     CONSTITUTIONAL RIGHTS.
           NAME                        ADDRESS

1.  Commissioner Richard Allen ET, Al    1400 Lloyd St. Montgomery AL 36107

2.  Dr Corbier ET, AL, Prison Medical Services   416 Mary Lindsay, Pk. Dr.
                                                 Suite 515
3.  _____   FranKLin, TN 37067

4.  _____

5.  _____

6.  _____

IV.  THE DATE UPON WHICH SAID VIOLATION OCCURRED  April -2006
thru October 19, 2006 _____

V.   STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION
     THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE:  _____ To Provide Adequate Medical Treatment

_____

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (state as best you can the time, place and manner and person involved.)

I am a diabetic and has been incarcerated since April, 2006. Since that time the Ala. Dept. of Corr. And Prison Medical Services. Has not provided me with Adequate Medical Treatment. As of this moment my left leg is swollen to the bursting stage I cannot wear a shoe on my feet or hardly walk. This Administration has done nothing to treat the illness adequately. This Administration has not provided me with Adequate eye care, Adequate Diabetic Meals. I have repeatedly Requested Adequate Medical Treatment. But my request have been ignored by the Medical Service, that provide medical service to Prisoner. The defendants owe me this and adequate Medical Care. They have breached this duty. And the breach has caused me harm. By their continueing negligence of the mothe's This has continued for a period of 7 months. I have filed numerous Grievances, but nothing has been done. I have complained to both chain of command. But only to be ignored, My condition is worsten and I am in constant pain. And I fear that I may have to have my left leg Amputeed because of this continued negligence.

VI.    STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
       MAKE NO LEGAL ARGUMENT.   CITE NO CASES OR STATUTES.

_I want to receive Adequate Medical treatment, And to be seen by_
_And outside Physician, Immediately Want to be Attended to by A_
_Medical Specialist in this Area & Care._

_Charles Hicks_
                                        Signature of plaintiff(s)

     I declare under penalty of perjury that the foregoing is true
and correct.

     EXECUTED on  _10/19/06_
                        (Date)

_Charles Hicks_
                                        Signature of plaintiff(s)

4

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

RECEIVED

2006 NOV 17 A 9: 49

2:06CU1033 - WKW

Inmate Identification Number: #246204 DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Charles Hicks

(Enter above the full name(s) of the plaintiff(s)
in this action)

**NOTICE TO FILING PARTY**

*It is your responsibility to notify the clerk in writing of any address change. Failure to notify the clerk may result in dismissal of your case without further notice.*

vs.

"Alabama Deptartment of Corrections"
"Frank Lee Youth Center"

(Enter above full name(s) of the defendant(s)
in this action)

I.    Previous lawsuits

    A.    Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes ( ✓ )    No ( )

    B.    If your answer to (A) is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

        1.    Parties to this previous lawsuit:

        Plaintiff(s):    Charles Hicks

        Defendant(s):    Alabama Department of Corrections, Commissioner Richard Allen etc, Alabama Prison Medical Services

2.  Court (if Federal Court, name the district; if State Court, name the county)

In the District Court of the United States for the Middle District of Ala.

3.  Docket number _2:06-CV-990 MEF_

4.  Name of judge to whom case was assigned    _Charles S. Coody_

5.  Disposition (for example: Was the case dismissed?    Was it appealed?    Is it still pending?)    _It is still pending_

6.  Approximate date of filing lawsuit    _October 19th 2006_

7.  Approximate date of disposition    _November 6th 2006_

I.  Place of present confinement    _Frank Lee Youth Center_

A.  Is there a prisoner grievance procedure in this institution?
    Yes  ( ✓ )        No   (   )

B.  Did you present the facts relating to your complaint in the state prisoner grievance procedure?
    Yes  ( ✓ )        No   (   )

C.  If your answer is YES:

    1.  What steps did you take?    _(1) notified an officer (2). Brought it to the Captains attention (3). Spoke with the Warden (Cummins)._

    2.  What was the result?    _The Warden set up an doctors appointment in which I did receive an ultra sound._

D.  If your answer is NO, explain why not?    _N/A_

2

l.   Parties
     In item (A) below, place your name(s) in the first blank and place your present address in the second
     blank.  Do the same for additional plaintiffs, if any.

     A.   Name of plaintiff(s)   Charles Hicks

          Address   FLYC   P.O. Box 220410   Deatsville, Ala 36022

     In item (B) below, place the full name of the defendant in the first blank, his official position in the
     second blank, and his place of employment in the third blank.  Use item (C) for the names, positions,
     and places of employment of any additional defendants.

     B.   Defendant   Alabama Dept. of Correction etc, Richard Allen

          is employed as   Commissioner

          at   Alabama Dept. of Corrections in Montgomery, Alabama

     C.   Additional Defendants   Prison Medical and Health Services
          416 Mary Lindsay Park Drive  Suite 515
          Franklin, Tennessee 37067

V.   Statement of Claim

     State here, as briefly as possible, the FACTS of your case.  Describe how each defendant is involved.
     Include also the names of other persons involved, dates and places.  Do not give any legal arguments
     or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth
     each claim in a separate paragraph.  Use as much space as you need.  Attach extra sheets, if necessary.

     I am a diabetic and have been incarcerated since April, 2006. Since that time the Ala
     Dept. of Cor, and Prison Medical Services has not provided me with adequate medical treatment.
     My left leg is swollen and so badly that I cant wear an shoe, I can hardly walk. This admin.
     has done nothing to treat this illness adequately. I have constantly written medical requests
     to see the doctor but all of my requests have been ignored by the Professional medical

                                        3

here at Frank Lee Youth Center, that suppose to provide medical treatment to all prisoners. The defendants owe me this adequate Medical treatment. They have breached their duty and caused me enormous amounts of physical pain, due to the lack of attention. This has been an on going attraction for the past 7 months, I have filed numerous of grievances, but nothing has been done. I have went through the chain of command to only get ignored. My condition has worsten, and I'm in constant pain. I fear that I may have to have my leg amputated because of this continued negligence.

**RELIEF**

State briefly <u>exactly</u> what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I want to sue the Dept. of Corrections of Alabama "Richard Allen" for neglect and cruel unusual punishment. I would also like to receive adequate medical treatment, and be seen by an outside physician, "Immediately".

_____

_____

_____

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on _November 14th, 2006_.

Charles Hicks # 246241      pro-se
FLYC   dorm 3   bed 12
P.O. Box 220410
Deatsville, Ala   36022

_Charles Hicks_
Signature(s)

4