IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES HICKS, # 246241, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-cv-142-MHT |
| ) | [WO] |
| ) | |
| RICHARD ALLEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the plaintiff, Charles Hicks ("Hicks"), a state inmate, complains that his constitutional rights were violated when he was charged $15.00 as co-pay for medical treatment while he was incarcerated at the Frank Lee Youth Center in Deatsville, Alabama.[1] (Compl. at 2). Hicks names as defendants Commissioner Richard Allen, Warden John Cummings, Captain Harold Burton and Prison Health Services. The court has jurisdiction pursuant to 28 U.S.C. § 1331.

In response to the orders of the court, the defendant filed a special report and answer. The court then informed the plaintiff that the defendant's special report may, at any time, be treated as a motion for summary judgment, and the court explained to the plaintiff the proper manner in which to respond to a motion for summary judgment. The plaintiff has filed his response, and this case is now before the court for consideration of the defendants' motion

---

[1] On February 25, 2008, the plaintiff notified this court that he was now residing at the Aletheia House in Birmingham, Alabama. Aletheia House is a residential substance abuse treatment facility.

for summary judgment which the court concludes is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of

---

[2] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." FED.R.CIV.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

a genuine issue of material fact with respect to the plaintiff's failure to exhaust administrative remedies. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Hicks fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. DISCUSSION

Hicks challenges the co-pay fee he had to pay for receiving medical care. According to Hicks, he is a "chronic care" patient, and thus, he should not have money removed from

3

his prison account to pay for medical visits. Specifically, Hicks complains about $15.00 in medical co-pays removed from his prison account. In response to the complaint, the defendants argue this case should be dismissed because Hicks failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . .Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id*. at 83-84.

The record in this case establishes that the Frank Lee Youth Center provides a three-step grievance procedure for inmate complaints. After filing this lawsuit, Hicks filed an Inmate Grievance on March 8, 2007, complaining that Prison Health Services wrongly deducted $15.00 as co-pays for medical visits from his prison account. (Doc. # 17, Supplement to Special Rep., Aff. Michelle Sagers at 2). As a result of this grievance, Hicks was refunded $6.00. (*Id*.) Thereafter, however, Hicks failed to appeal the denial of his grievance insofar as Prison Health Services' refusal to refund him the remaining $9.00. The grievance procedure contains an appeal as part of the process. (*Id*.). Consequently, the undisputed evidentiary materials submitted by the defendants demonstrate that, although he filed an initial grievance and was accorded some relief, he failed to complete the grievance

5

procedure by filing an appeal. Hicks does not dispute his failure to exhaust available administrative remedies prior to filing this case. The court therefore concludes that the claims presented in this cause of action are subject to dismissal as the plaintiff failed to properly exhaust administrative remedies previously available to him which is a precondition to proceeding in this court on his claims. *Woodford*, 548 U.S. at 87-94.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion for summary judgment be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust available administrative remedies and that this case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust administrative remedies available to him during his confinement in the Frank Lee Youth Center. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 10, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of August, 2008.

                          /s/ Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE